JOHN BACHARDE, JOSEPH BACHARDE, BY HIS NEXT FRIEND, JOHN BACHARDE, AND JOHN BACHARDE, INDIVIDUALLY; JOSEPH BALINT, BY HIS NEXT FRIEND, PAUL BALINT, AND PAUL BALINT, INDIVIDUALLY, PLAINTFFS, v. STEVE HOMUSIOK AND JOSEPH MISEWICZ, DEFENDANTS.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *Mackay & Mackay.*

*Contra, Irving S. Zacharewitz.*

PER CURIAM.

The case comes up on defendants' rule to show cause why a judgment in the amount of $32,500 for Joseph Balint, minor, and $2,500 for Paul Balint, the father, beside costs to be taxed should not be set aside.

The judgment was for personal injuries to the minor and incidental damages to the father growing out of an accident wherein Balint was an invitee riding in an automobile driven by Joseph Bacharde. The accident was at night, and the truck of defendant Homusiok, driven by the defendant Misewicz, was standing on the concrete roadway while Misewicz was putting a canvas cover over the truck as a protection against rain which had begun falling. The car in which the boy was driving crashed into the rear of the truck and was completely demolished with the exception of the rear wheels. The alleged negligence lies in the position in which the truck was parked in the roadway and in the fact, charged but disputed, that the truck was without a rear danger light. It is admitted that Balint was seriously injured.

The points argued by defendants as grounds for a new trial are that the verdict was contrary to the weight of the evidence, that the damages were excessive and that the court erred both in its charge and in its refusal to charge.

Under the first point defendants argue that Bacharde, the driver of the car, was negligent and that this negligence should be imputed to the plaintiff Joseph Balint under *Schroeder* v. *Public Service Railway Co.,* 118 *Atl. Rep.* 337. We are unable to determine, as a court question, that Balint was guilty of contributory negligence, either directly or by imputation. The case cited is not an authority for imputing the driver's negligence to a passenger.

Defendants further argue, under the same point, that the driver of the truck was not shown to be guilty of negligence. As already indicated, the pleadings raised two questions of negligence, one the relative location of the car in the roadway, the other the question of the rear light. It was alleged in the complaint that the truck was in the middle of the

concrete, but that charge seems to have been abandoned and the question as to negligence in the position of the truck resolved itself into the question of whether or not the defendant Misewicz should have driven the truck over on the shoulder of the road instead of leaving it on, and at the side of, the concrete.

Bacharde testified that he was driving his car eighteen or twenty miles per hour and that "all of a sudden something big and black appeared before me and before I could come to a stop I crashed right into it. Then I noticed it was a truck." His examination proceeds thus: "Q. This big object that appeared before you, about how far in front of you was it when you first saw it? A. About fifteen or twenty feet. * * * Q. When it crashed into the truck, what effect did that have upon you? A. It knocked me unconscious." Balint testified: "Q. How far away was the truck when you first saw it? A. About eight or ten feet. * * * Q. After the crash what happened to you? A. I was unconscious. Q. What was the next thing you knew? A. Being in Passaic Hospital. Q. And when was that? A. About four weeks after the accident." The testimony that there was no red light on the back of the truck is given only by Bacharde and Balint.

Assuming Bacharde's testimony to be true that he first saw the truck loom up when at a distance of fifteen or twenty feet and that Bacharde was then going at the rate of eighteen or twenty miles per hour, the crash must have followed about a second after the first suggestion that there was something ahead. Allowing time for the mind to grasp the danger and for the muscles of the hand or foot to respond to the signal from the brain and for the brakes when applied to take effect, there could not have been much reduction in speed before the impact. This conclusion is verified by the extent to which Bacharde's car was demolished. Calculating the speed at the lower limit given by Bacharde, namely, eighteen miles per hour, he was moving at the rate of twenty-six feet per second. The testimony convinces us that the crash was prac-

tically simultaneous with the first vision by Bacharde of the object ahead and that the possibility of detailed observation on that rainy night is so limited a space of time was practically non-existent. Balint says that he didn't see the truck until eight or ten feet from it. As to him the opportunity for observation was cut directly in half as to that of Bacharde. We conclude that the testimony given by Bacharde and Balint as to whether there was or was not a red light on the back of the truck is not grounded in observation. Misewicz, driver of the truck, says that he had lighted the red light a half hour previously and that the light was of Presto-Lite gas. Mannuzza, a police officer, says that immediately after the accident he found the rear lamp broken off but that he touched a match to the broken piping and got a light. Harold Clark, a passerby, says that he saw the truck standing there just before the accident and that it had a red light lit. We find that the strong weight of testimony is in favor of the defense so far as the red light is concerned. Also, a review of the testimony as to the condition of the shoulder of the road throws the weight of the evidence in favor of the defendant on the proposition that in avoiding the putting of the great tonnage of the truck on the newly constructed ground at the side of the road, Misewicz was acting as a reasonably prudent man would have acted.

Our conclusion is that the verdict was contrary to the weight of the evidence.

We find it unnecessary to consider the remaining points.

The rule is made absolute.